IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 03 2015

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

| | |
|---|---|
| RICHARD A. FORTE<br><br>                Plaintiff,<br><br>-against-<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC<br>A Virginia Corporation<br><br>                Defendant. | Civil Action No. 2:15cv47-JLH<br><br>**JURY TRIAL DEMANDED**<br><br>This case assigned to District Judge Holmes<br>and to Magistrate Judge Kearney |

## ORIGINAL COMPLAINT

Plaintiff, Richard A. Forte (Forte), by his undersigned counsel brings this action against

Portfolio Recovery Associates, LLC (Portfolio), and states:

### STATEMENT OF JURISDICTION AND VENUE

1. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331, 15 U.S.C.

§1692k(d) and 15 U.S.C. §1681p.

2. This action arises out of Defendant's violations of the Fair Debt Collection

Practices Act, 15 U.S.C. §1692 and the Fair Credit Reporting Act, 15 U.S.C. §1681.

3. The acts and events complained of in this Complaint occurred within Saline

County, Arkansas.

1

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the events giving rise to the claims occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES TO THE CLAIM

5. The averments set forth in paragraphs 1-4 are adopted herein and incorporated as if set forth word for word.

6. Forte is a resident of Benton, Saline County, Arkansas, and is a "consumer" as defined by 15 U.S.C. §1692a(3), and/or "any person" as defined by 15 U.S.C. §1692d;

7. At the time of the incident described further herein, Portfolio was a corporation duly authorized to conduct business in the State of Arkansas as a "debt collector," as that term is defined by 15 U.S.C. §1692a(6) and is registered and licensed with the Arkansas State Board of Collection Agencies, and attempting to collect a "debt," as defined in 15 U.S.C. §1692a(5).

8. Portfolio is being served via its registered agent:

> Corporation Service Company
> 300 Spring Building, Suite 900
> 300 S. Spring Street
> Little Rock, AR  72201

## FACTUAL BACKGROUND

9. The averments set forth in paragraphs 1-8 are adopted herein and incorporated as if set forth word for word.

10. Portfolio filed a lawsuit against Forte in the District Court of Saline County, Arkansas on October 3, 2014 alleging a consumer debt.

11. The lawsuit and attached affidavit alleges Forte defaulted on a credit card account obligation with the original creditor, HSBC Bank Nevada, N.A. A copy of that suit is attached hereto as "**Exhibit 1**" and incorporated as if set forth word for word.

12. Portfolio asserted it purchased and was assigned the account.

13. The Complaint filed by Portfolio, and the attached affidavit, reflect an amount due of $919.49.

14. Upon information and belief, the amount charged off by the original creditor was $637.

15. Upon information and belief, the date of default was October 2012.

16. Upon information and belief, the amount claimed in the lawsuit filed by Portfolio contains interest and late charges accrued after the default date, as well as after it was charged off by the original creditor.

17. The Truth in Lending Act (TILA) regulates the type of account at issue in this case.

18. TILA requires a creditor to send periodic statements to the debtor each billing cycle if there is an outstanding balance on an account where a finance charge is imposed. 15 U.S.C. §1637(b).

19. That required periodic statement must contain certain required information which describes what and how the creditor is assessing interest and finance charges. 15 U.S.C. §1637(b).

20. Consistent with 15 U.S.C. §1637(b), Regulation Z also requires creditors to "mail or deliver a periodic statement as required by (12 C.F.R.) §226.7 for each billing cycle at the end of which an account has a debit or credit balance of more than $1 or on which a finance charge has been imposed." *Id.* At 12 C.F.R. §226.5(b)(2)(i).

21. However, Regulation Z provides exceptions to this requirement that periodic statements be sent and enables creditors to *not* send those required periodic statements if the creditor does certain things.

22. One of those exceptions is if the creditor has charged off the account in accordance

3

with loan-loss provisions and will not charge any additional fees or interest on the account. 12 C.F.R. §226.5(b)(2)(i).

23. Therefore, under applicable regulations, HSBC Bank Nevada, N.A. was required to send periodic statements to Forte until it "charged-off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account." 12 C.F.R. §226.5(b)(2)(i).

24. Previous to the alleged purchase of the account by Portfolio from HSBC Bank Nevada N.A., HSBC Bank Nevada, N.A. charged off an account alleged to have been incurred by Forte.

25. Because HSBC Bank Nevada N.A. had charged off the account, it was not required to send periodic statements to Forte as would otherwise be required by law.

26. Therefore, after charging off the account, HSBC Bank Nevada, N.A. did not send any billing statements regarding the account to Forte.

27. HSBC Bank Nevada, N.A. took advantage of the charge off exception to enable it to not be required to send periodic billing statements.

28. The legal trade-off for entitling HSBC Bank Nevada, N.A. to take advantage of the charge off exception is that it was precluded by law from charging any additional fees or interest on the account.

29. Therefore, after the account was written off, HSBC Bank Nevada, N.A. was precluded by law from charging additional fees or interest on the account because it had not sent out the periodic statements.

30. Portfolio professes to be in the same shoes as HSBC Bank Nevada, N.A. due to its purchase and assignment of the account.

31.     Portfolio would not acquire any greater rights than HSBC Bank Nevada, N.A. had at the time of the alleged purchase.

32.     By assessing interest and other charges for which there was no legal basis, Portfolio is in violation of **15 U.S.C §1692f(1)** which prohibits a debt collector from collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

33.     By assessing charges, namely interest and late charges after the date of default, which are not authorized by the agreement or law, Portfolio is in violation of **15 U.S.C. §1692e(5)** by taking action that cannot legally be taken.

34.     The Complaint further requests costs and for all other proper relief.

35.     Because "costs and all other proper relief" are not authorized by the agreement creating the debt, the Complaint seeks to collect amounts not authorized by contract in violation of **15 U.S.C. §1692f(1)**.

36.     By not attaching the agreement upon which it is suing, Portfolio is making a false representation of the character, amount, or legal status of the debt in violation of **15 U.S.C. §1692e(2)(A)**.

37.     By not attaching the agreement upon which it is suing, Portfolio is engaging in unfair or unconscionable means in its attempt to collect the alleged debt in violation of **15 U.S.C. §1692f**.

38.     Portfolio has attached no evidence that it purchased the debt from the original creditor and; thus, is taking action which cannot legally be taken in violation of **15 U.S.C. §1692e(5)**.

39. Portfolio is in violation of **15 U.S.C. §1692e(10)** by making false representations and engaging in deceptive means in attempting to collect the debt by its inability to document any agreement between Forte and any creditor.

40. At the time it commenced the action against Forte, Portfolio possessed insufficient evidence and intended not to further investigate in violation of **15 U.S.C. §1692(e)(5).**

41. Upon information and belief, the principal amount charged off by the original creditor was $637.00.

42. The Complaint filed by Portfolio requests a judgment in the principal amount of $919.49.

43. Portfolio is seeking to collect amounts not owed in violation of **15 U.S.C. §1692e(2)(A)** which prohibits the false representation of the character, amount, or legal status of any debt.

44. Portfolio's conduct violates the FDCPA for which strict liability applies pursuant to 15 U.S.C. §1692, et seq.

45. Portfolio's conduct violates the FDCPA for which statutory damages apply pursuant to 15 U.S.C. §1692k(a)(2)(A).

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

46. The averments set forth in paragraphs 1-45 are adopted herein and incorporated as if set forth word for word.

47. Portfolio is in violation of the following sections of the Fair Debt Collection Practices Act as alleged above:

   a. 15 U.S.C. §1692e(2)(A): Making a false representation of the character, amount, or legal status of any debt;

6

      b.      15 U.S.C. §1692e(5): Taking action that cannot legally be taken or that is not intended to be taken;

      c.      15 U.S.C. §1692e(10): The use of any false representation or deceptive means to collect any debt;

      d.      15 U.S.C. §1692f: Using unfair or unconscionable means to collect or attempt to collect any debt;

      e.      15 U.S.C. §1692f(1): The collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

48.      The averments contained in paragraphs 1-47 are hereby incorporated as if set forth word for word.

49.      Portfolio reported to all three credit reporting agencies that Forte was indebted to Portfolio in the amount of $919.

50.      The original creditor reported a charge-off amount of $637.

51.      Portfolio, despite actual knowledge of the amount allegedly owed by Forte, reported to all three credit reporting agencies that Forte was indebted to Portfolio in amount in excess of what was charged-off by the original creditor and in an amount not owed in violation of **15 U.S.C. 1681s-2(a)(1)(A).**

## DAMAGES

52.      The averments set forth in paragraphs 1-51 are adopted herein and incorporated as if set forth word for word.

53.      As a direct and proximate result of the occurrence made the basis of this lawsuit, Forte is entitled to the following damages:

7

a. actual costs, expenses and attorney fees pursuant to 15 U.S.C §1692(k)(a)(3);

b. statutory damages in the maximum amount of: $1,000.00 pursuant to 15 U.S.C. §1692(k)(a)(2)(A).

c. actual damages pursuant to 15 U.S.C. §1692k(a)(1)

d. actual damages and attorney fees and costs pursuant to 15 U.S.C §1681n.

## DEMAND FOR JURY TRIAL

54. The averments set forth in paragraphs 1-53 are adopted herein and incorporated as if set forth word for word.

55. Forte demands a jury trial on all issues so triable.

## PRAYER

WHEREFORE, Forte prays that:

1. He be granted statutory damages pursuant to the 15 U.S.C. §1692k(a)(2)(A);

2. He be granted actual damages pursuant to the 15 U.S.C. §1692k(a)(1);

3. He be granted costs and attorney fees pursuant to 15 U.S.C. §1692k(a)(3).

4. He be granted damages, attorney fees and costs pursuant to 15 U.S.C. §1681n.

Respectfully submitted,

_____

J.R. Andrews, Esq.   ABN 92041
**ANDREWS LAW FIRM**
2014 Martha Drive
Little Rock, Arkansas 72212
Telephone: (501) 680-3634
jrandrewsatty@yahoo.com

Attorney for Plaintiff

IN THE DISTRICT COURT OF SALINE COUNTY, ARKANSAS
BENTON DIVISION

**PORTFOLIO RECOVERY ASSOCIATES, LLC**                                      **PLAINTIFF**

V.                                    CASE NO. _CV2014-1255_

**RICHARD A FORTE**                                                          **DEFENDANT**

## COMPLAINT

Comes the Plaintiff and for its cause of action against the Defendant, states:

1. That the Plaintiff is a foreign limited liability company authorized to bring this action under Ark. Code Ann. § 4-32-1008.

2. That the Defendant is a resident of Saline County, Arkansas.

3. Jurisdiction and venue are proper in this Court.

4. That Defendant purchased certain items with extensions of credit obtained on his/her HSBC BANK NEVADA, N.A. account. This account was purchased by, and assigned to the Plaintiff for good and valuable consideration.

5. That the amount past due on said account, which has not been paid, and has been owed for a period of time is as follows, principal amount, $919.49, as set out in Plaintiff's Affidavit which is attached hereto and incorporated herein by reference.

6. That demand had been made for the payment of same, yet the balance remains unpaid.

WHEREFORE, Plaintiff prays for Judgment against Defendant in the amount of $ 919.49, for all costs herein paid and expended, and for all other proper relief.

                                         Allen & Withrow
                                         Attorneys at Law
                                         P.O. Box 17248
                                         Little Rock, AR 72222

                                         _____
                                         Lori Withrow (98069)

S&A File No. 13-09825-0

Exhibit 1

# AFFIDAVIT

State of Virginia
City of Norfolk ss.

I, the undersigned, _____Meryl Dreano_____, Custodian of Records, for Portfolio Recovery Associates, LLC hereby depose, affirm and state as follows:

1. I am competent to testify to the matters contained herein.

2. I am an authorized employee of Portfolio Recovery Associates, LLC, ("Account Assignee") which is doing business at Riverside Commerce Center, 120 Corporate Boulevard, Norfolk, Virginia, and I am authorized to make the statements, representations and averments herein, and do so based upon a review of the business records of the Original Creditor **HSBC BANK NEVADA, N.A./AMERITECH** and those records transferred to Account Assignee from **CAPITAL ONE BANK (USA), N.A** ("Account Seller"), which have become a part of and have integrated into Account Assignee's business records, in the ordinary course of business.

3. According to the business records, which are maintained in the ordinary course of business, the account, and all proceeds of the account are now owned by the Account Assignee, all of the Account Seller's interest in such account having been sold, assigned and transferred by the Account Seller on **4/15/2013**. Further, the Account Assignee has been assigned all of the Account Seller's power and authority to do and perform all acts necessary for the settlement, satisfaction, compromise, collection or adjustment of said account, and the Account Seller has retained no further interest in said account or the proceeds thereof, for any purpose whatsoever.

4. According to the records transferred to the Account Assignee from Account Seller, and maintained in the ordinary course of business by the Account Assignee, there was due and payable from **RICHARD A FORTE** ("Debtor and Co-Debtor") to the Account Seller the sum of **$ 919.49** with the respect to account number **ending in** , as of the date of **3/30/2013** with there being no known un-credited payments, counterclaims or offsets against the said debt as of the date of the sale.

5. According to the account records of said Account Assignee, after all known payments, counterclaims, and/or setoffs occurring subsequent to the date of sale, Account Assignee claims the sum of **$ 919.49** as due and owing as of the date of this affidavit.

6. Plaintiff believes that the defendant is not a minor or an incompetent individual, and declares that the Defendant is not on active military service of the United States.

Portfolio Recovery Associates, LLC

By: _____Meryl Dreano_____, Custodian of Records

Subscribed and sworn to before me on ___JUL 18 2014___

_____
Notary Public


TAVANA C. UZZLE
NOTARY PUBLIC
REGISTRATION # 302460
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES
JANUARY 31, 2017



This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

13-09825-0